UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------

YOLANDA VICENTE,

        Plaintiff,     **MEMORANDUM & ORDER**
                 22-CV-2325 (MKB)

  v.

TARGET CORPORATION,

        Defendant.
---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

   Plaintiff Yolanda Vicente commenced the above-captioned action against Defendant

Target Corporation on March 7, 2022, in the Supreme Court of the State of New York, County of

Queens, alleging claims of negligence under New York law based on a trip-and-fall incident that

occurred while Plaintiff was shopping at a Target store in Elmhurst, New York on October 9,

2021.  (Verified Compl. ¶¶ 7, 23–40, annexed to Notice of Removal as Ex. A, Docket Entry No.

1-2.)  On April 25, 2022, Defendant removed the action to the Eastern District of New York

based on diversity jurisdiction under 28 U.S.C. § 1332.  (Notice of Removal, Docket Entry No.

1.)

   Defendant moved for summary judgment pursuant to Rule 56 of the Federal Rules of

Civil Procedure, and Plaintiff opposed the motion.[1]  For the reasons set forth below, the Court

grants Defendant's motion for summary judgment.

---

   [1]  (Def.'s Mot. for Summ. J., Docket Entry No. 16; Def.'s Mem. in Support of Def.'s
Mot. ("Def.'s Mem."), Docket Entry No. 16-1; Pl.'s Opp'n to Def.'s Mot. ("Pl.'s Opp'n"),
Docket Entry No. 15; Def.'s Reply in Further Supp. of Def.'s Mot. ("Def.'s Reply"), Docket
Entry No. 17.)

I. **Background**

The following facts are undisputed unless otherwise noted.[2]

On October 9, 2021, Plaintiff entered a Target store located at 8801 Queens Boulevard, Elmhurst, New York.  (Def.'s 56.1 ¶¶ 1, 18.)  Upon entering the store, Plaintiff proceeded to the areas where the makeup and food were located.  (*Id.* ¶¶ 18–20.)  As Plaintiff walked through the main aisle of the store into the food area, she was looking around the store and at her phone.  (*Id.* ¶¶ 21, 27.)  Plaintiff observed an empty pillar but did not see anything on the floor.  (*Id.* ¶¶ 23, 29; Pl.'s 56.1 Resp. ¶ 21.)  Plaintiff walked into an empty basket holder placed against the pillar (the "Basket Holder"), and her foot got caught in it.  (Def.'s 56.1 ¶¶ 30–32.)  Plaintiff fell and dropped her phone.  (*Id.* ¶ 34.)  Plaintiff did not tell any Target employees about the incident and proceeded to complete her shopping and make purchases at the self-checkout area.  (*Id.* ¶¶ 35–38, 42.)  Plaintiff alleges that Defendant was negligent in maintaining the premises in a reasonably safe condition.  (Verified Compl. ¶¶ 30–38.)  Plaintiff contends that as a result of the incident, she "sustained injuries to various parts of [her] body" and was required to seek "hospital care and attention for a long period of time."  (*Id.* ¶ 40.)

II. **Discussion**

a. **Standard of review**

Summary judgment is proper only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Radwan v. Manuel*, 55 F.4th 101, 113 (2d Cir. 2022) (quoting Fed. R. Civ. P. 56(a)).  The court must "constru[e] the evidence in the light most favorable to the nonmoving party," *Radwan*, 55 F.4th

---

[2] (Def.'s Rule 56.1 Stmt. of Material Facts ("Def.'s 56.1"), Docket Entry No. 16-2; Pl.'s Resp. to Def.'s 56.1 ("Pl.'s 56.1 Resp."), Docket Entry No. 15-1.)

at 113 (alteration in original) (quoting *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011)), and "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Koral v. Saunders*, 36 F.4th 400, 408 (2d Cir. 2022) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)).  The role of the court "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." *Kee v. City of New York*, 12 F.4th 150, 167 (2d Cir. 2021) (quoting *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010)).  A genuine issue of fact exists when there is sufficient "evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  The "mere existence of a scintilla of evidence" is not sufficient to defeat summary judgment. *Id.*  The court's function is to decide whether, "after resolving all ambiguities and drawing all inferences in favor of the nonmovant, a reasonable jury could return a verdict for the nonmovant." *Miller v. N.Y. State Police*, No. 20-3976, 2022 WL 1133010, at *1 (2d Cir. Apr. 18, 2022) (first citing *Anderson*, 477 U.S. at 248; and then citing *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 127, 129 (2d Cir. 2013)).

  **b.   Applicable burden of proof**

   Defendant argues that although New York substantive law "provides the elements of [P]laintiff's negligence cause of action, . . . 'federal procedural law provides the standard for deciding whether [Defendant] is entitled to summary judgment on that cause of action.'"  (Def.'s Mem. 2 (quoting *Casierra v. Target Corp.*, No. 09-CV-1301, 2010 WL 2793778, at *1 (E.D.N.Y. July 12, 2010)).)  Defendant also argues that where the moving party "without the underlying burden of proof offers evidence that the non-movant has failed to present sufficient evidence in support of her claim, . . . the burden shifts to the non-movant to offer persuasive

evidence that [her] claim is not implausible."  (*Id.* at 3–4 (internal quotation marks and citations omitted).)

Plaintiff argues that "[a] defendant who moves for summary judgment in a trip-and-fall case has the initial burden of making a prima facie showing that it neither created the alleged hazardous condition, nor had actual or constructive notice of its existence for a length of time sufficient to discover[] and remedy it."  (Pl.'s Opp'n 6 (quoting *Levine v. Amverserve Ass'n, Inc.*, 938 N.Y.S.2d 593, 593 (App. Div. 2012)).)

Where an action has been removed from New York state court on the basis of diversity of citizenship between the parties, the claims are governed by New York substantive law and federal procedural law.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Covington Specialty Ins. Co. v. Indian Lookout Country Club*, 62 F.4th 748, 752 (2d Cir. 2023) (noting that "since the district court was sitting in diversity, it was bound to apply the substantive law of the forum state — here, New York" (alterations, internal quotation marks, and citation omitted)); *Sarkees v. E. I. Dupont De Nemours & Co.*, 15 F.4th 584, 588 (2d Cir. 2021) ("In a diversity of citizenship case, state law, here New York's, applies to substantive issues, and federal law applies to procedural issues.").  The moving party's burden of proof on a summary judgment motion is procedural, and under the distinction created by *Erie Railroad Co. v. Tompkins* and its progeny, is subject to federal law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Tenay v. Culinary Tchrs. Ass'n of Hyde Park*, 281 F. App'x 11, 13 (2d Cir. 2008) (applying the federal summary judgment standard to a New York slip-and-fall case); *Kirbaran v. Target Corp.*, --- F. Supp. 3d ---, 2024 WL 1076254, at *3 (S.D.N.Y. Mar. 12, 2024) ("Allocation of the burden of proof at summary judgment is a matter of procedural law, which . . . is governed by federal law." (citations omitted)); *Demelio v. Wal-Mart Stores E., L.P.*, No. 21-CV-1900, 2023

WL 2480192, at *3 (S.D.N.Y. Mar. 13, 2023) ("While New York law governs the substantive

slip-and-fall claim, federal law applies to procedural aspects of the claim." (footnote and citation

omitted)); *Lyman v. PetSmart, Inc.*, No. 16-CV-4627, 2018 WL 4538908, at *2–3 (S.D.N.Y.

Sept. 21, 2018) ("New York state law governs the substantive slip and fall claim.  However,

federal law applies to procedural aspects of the claim." (footnote omitted)); *Strass v. Costco

Wholesale Corp.*, No. 14-CV-6924, 2016 WL 3448578, at *3 (E.D.N.Y. June 17, 2016) (noting

that the federal summary judgment standard "controls . . . 'because what burdens each party

bears on summary judgment is a procedural rather than substantive matter'" (quoting *DeAngelis

v. Am. Airlines, Inc.*, No. 06-CV-1967, 2010 WL 1292349, at *3 n.2 (E.D.N.Y. Mar. 31, 2010))).

The moving party has the initial burden to demonstrate the absence of a genuine issue of

material fact.  *Celotex*, 477 U.S. at 323; *see also Bustamante v. KIND, LLC*, 100 F.4th 419, 432

(2d Cir. 2024) ("The party seeking summary judgment bears the burden of establishing that no

genuine issue of material of fact exists, but when the burden of proof at trial would fall on the

nonmoving party, it ordinarily is sufficient for the movant to point to an absence of evidence on

an essential element of the nonmovant's claim." (internal quotation marks and citation omitted));

*Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 114 (2d Cir. 2017) (noting that a

"party moving for summary judgment may satisfy his burden . . . by demonstrating that the non-

moving party's evidence is insufficient to establish an essential element of the non-moving

party's claim" (quoting *Farid v. Smith*, 850 F.2d 917, 924 (2d Cir. 1988))).  Once the moving

party has met its burden, the non-moving party may demonstrate that there is a genuine issue for

trial by identifying specific facts and affirmative evidence that contradict those offered by the

moving party.  *Celotex*, 477 U.S. at 323–24; *see also Bustamante*, 100 F.4th at 432 ("Once a

movant has [met its burden], the nonmovant must set forth specific facts showing that there is a

genuine issue for trial." (internal quotation marks and citation omitted)); *McKinney v. City of Middletown*, 49 F.4th 730, 738 (2d Cir. 2022) ("If the moving party carries its burden, the nonmoving party must 'come forward with evidence that would be sufficient to support a jury verdict in its favor.'" (quoting *Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.*, 302 F.3d 83, 91 (2d Cir. 2002))); *Strass*, 2016 WL 3448578, at *3 ("Under the federal summary judgment standard, [d]efendant is not required to put forth evidence affirmatively demonstrating its lack of knowledge or its constructive knowledge; rather, it need only show that [p]laintiffs will not be able to prove at trial that [d]efendant had such knowledge.").

The Court therefore applies federal procedural law to determine the parties' relative burdens of proof. *See Tenay*, 281 F. App'x at 12–13 ("We have determined under [Rule 56] . . . that the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions. . . . At trial under New York law, [the plaintiff] would bear the burden of proof on the elements of his premises liability claim." (citations omitted)).  Accordingly, Defendant may meet its burden at summary judgment by demonstrating that Plaintiff's evidence is insufficient to establish an essential element of her negligence claim.  *Bustamante*, 100 F.4th at 432.  If Defendant meets this burden, Plaintiff must "set forth specific facts showing that there is a genuine issue for trial."  *Id.*(quoting *Souza v. Exotic Island Enters., Inc.*, 68 F.4th 99, 108 (2d Cir. 2023)); *see also Strass*, 2016 WL 3448578, at *3 ("Once the moving party has met this burden, the party opposing summary judgment must identify specific facts and affirmative evidence that contradict those offered by the moving party to demonstrate that there is a genuine issue for trial." (citing *Celotex*, 477 U.S. at 324)).

c. **Plaintiff's negligence claim**

Defendant argues that it is entitled to summary judgment because Plaintiff cannot establish that Defendant breached a duty that it owed to her.  In support, Defendant argues that: (1) because the Basket Holder was open and obvious and not inherently dangerous as a matter of law, Defendant did not have a duty to protect Plaintiff or warn her of its existence (Def.'s Mem. 5–13; Def.'s Reply 4–6, 9–10); and (2) Defendant did not breach its duty to Plaintiff because it did not create a hazardous condition or have actual or constructive notice of the existence of any such hazardous condition, (Def.'s Mem. 13–14; Def.'s Reply 6–9).

Plaintiff argues that there are outstanding questions of fact as to whether: (1) the Basket Holder was both open and obvious and inherently dangerous, (Pl.'s Mem. 7), and (2) Defendant created or had notice of a hazardous condition, (*id.* at 8–9).[3]

"Under New York law, a tort plaintiff seeking to prove a defendant's negligence must show: '(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof.'"  *Union Mut. Fire Ins. Co. v. Ace Caribbean Mkt.*, 64 F.4th 441, 445 (2d Cir. 2023) (quoting *Borley v. United States*, 22 F.4th 75, 78 (2d Cir.

---

[3]  In her opposition to Defendant's motion, Plaintiff also argues that the question of whether Defendant's negligence proximately caused her injuries should be left to the jury.  (Pl.'s Opp'n 9–11.)  Defendants argue that the Court should not address Plaintiff's proximate cause argument because it is "moot" since Plaintiff cannot establish that Defendant breached a duty owed to her.  (Def.'s Reply 9–10.)  Because the Court grants Defendant's motion for summary judgment based on the lack of evidence that Defendant breached a duty to Plaintiff, *i.e.*, that Defendant did not create the hazardous condition or have actual or constructive notice of its existence, the Court does not address whether Plaintiff's injuries were proximately caused by Defendant's alleged negligence.  *See McCoy v. TJX Cos., Inc.*, No. 21-CV-4907, 2023 WL 4624499, at *5 & n.9 (S.D.N.Y. July 19, 2023) (granting summary judgment where the plaintiff "failed to marshal any evidence to demonstrate that [the d]efendant had actual or constructive notice of the hazardous condition," and declining to consider an "alternative argument that [the plaintiff was] the 'sole proximate cause' of her injury").

2021)); *see also Coyle v. United States*, 954 F.3d 146, 148 (2d Cir. 2020) ("To establish liability

under New York law, a plaintiff must prove (1) that the defendant owed her a duty; (2) that the

defendant breached that duty; and (3) that she suffered injuries proximately resulting from that

breach." (citing *Solomon ex rel. Solomon v. City of New York*, 66 N.Y.2d 1026, 1027 (1985)));

*Johnson v. AFNI, Inc.*, No. 22-CV-2930, 2023 WL 2970919, at *2 (S.D.N.Y. Apr. 15, 2023)

("To state a claim for negligence under New York law, a plaintiff 'must establish the existence

of a legal duty, a breach of that duty, proximate causation, and damages.'" (quoting *MVB

Collision, Inc. v. Allstate Ins. Co.*, 13 N.Y.S.3d 137, 138 (App. Div. 2015))).

  "While a landowner who holds property open to the public has a general duty to maintain

the property in a reasonably safe condition to prevent foreseeable injuries, this duty extends only

to conditions that are not readily observable." *Saltz v. Wal-Mart Stores, Inc.*, 510 F. App'x 68,

70 (2d Cir. 2013) (quoting *Russell v. Archer Bldg. Ctrs. Inc.*, 631 N.Y.S.2d 102, 103 (App. Div.

1995)). "[A] landowner has no duty to protect or warn against an open and obvious condition

which, as a matter of law, is not inherently dangerous." *Varon v. N.Y.C. Dept. of Educ.*, 998

N.Y.S.2d 433, 434 (App. Div. 2014) (citing *Conneally v. Diocese of Rockville Ctr.*, 984

N.Y.S.2d 127 (App. Div. 2014)). Summary judgment is "only permissible where [the] condition

complained of 'was *both* open and obvious *and*, as a matter of law, not inherently dangerous.'"

*Borley*, 22 F.4th at 81 (emphasis in original) (quoting *Nezami v. Price Costco Inc.*, 783 N.Y.S.2d

200, 201 (App. Term 2004)); *see also Ampong v. Costco Wholesale Corp.*, No. 21-CV-2049,

2023 WL 4744185, at *6 (S.D.N.Y. July 25, 2023) ("[A] court is not precluded from granting

summary judgment to a landowner on the ground that the condition complained of by the

plaintiff was both open and obvious and, as a matter of law, was not inherently dangerous."

(internal quotation marks omitted) (quoting *Powers v. 31 E 31 LLC*, 998 N.Y.S.2d 23, 25 (App.

Div. 2014))).

"[T]he 'question of whether a condition is open and obvious is generally a jury question, and a court should only determine that a risk was open and obvious as a matter of law when the facts compel such a conclusion.'" *Borley*, 22 F.4th at 81 (quoting *Westbrook v. WR Activities-Cabrera Mkts.*, 773 N.Y.S.2d 38, 41 (App. Div. 2004)); *see also Saltz*, 510 F. App'x at 69–70 ("While the issue of whether a hazard is latent or open and obvious is generally fact-specific and thus usually a jury question, a court may determine that a risk was open and obvious as a matter of law when the established facts compel that conclusion, and may do so on the basis of clear and undisputed evidence." (quoting *Tagle v. Jakob*, 97 N.Y.2d 165, 169 (2001))).  "A condition is open and obvious if it is readily observable by those employing the reasonable use of their senses, given the conditions at the time of the accident." *Butler v. NYU Winthrop Hosp.*, 206 N.Y.S.3d 707, 709 (App. Div. 2024) (citation omitted); *see also Montalbano v. Wal-Mart Assocs., Inc.*, No. 19-CV-6584, 2021 WL 200565, at *2 (E.D.N.Y. Jan. 20, 2021) (same).  The question of "[w]hether a hazard is open and obvious cannot be divorced from the surrounding circumstances," and "[a] condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted." *Mullen v. Helen Keller Servs. for Blind*, 23 N.Y.S.3d 350, 352 (App. Div. 2016) (citation omitted); *see also Borley*, 22 F.4th at 81 ("A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted." (quoting *Mullen*, 23 N.Y.S.3d at 352)).

"[T]he open and obvious nature of a dangerous condition — though it may make a warning unnecessary — does not absolve the landowner of its general duty of care." *Payne v.*

*United States*, 359 F.3d 132, 138 (2d Cir. 2004); *see also Perez v. Dolgen Corp. of N.Y. Inc.*, ---
F. Supp. 3d ---, 2024 WL 871288, at *5 (S.D.N.Y. Feb. 29, 2024) (explaining that the specific
duty to warn of a hazard and the general duty to maintain the premises in a reasonably safe
condition "are 'analytically distinct,' such that liability may be found for failure to maintain
reasonably safe premises, 'even where the obviousness of the risk negates any duty to warn'"
(quoting *Cohen v. Shopwell, Inc.*, 765 N.Y.S.2d 40, 42 (App. Div. 2003))).

Whether an inherently dangerous condition "exists on the property of another so as to
create liability depends on the peculiar facts and circumstances of each case and is generally a
question of fact for the jury." *Borley*, 22 F.4th at 81–82 (quoting *Trincere v. County of Suffolk*,
665 N.Y.S.2d 615, 616 (App. Div. 1997)); *see also Perez*, 2024 WL 871288, at *5 ("[W]hether a
condition is not inherently dangerous, or constitutes a reasonably safe environment, depends on
the totality of the specific facts of each case." (alteration in original) (quoting *Russo v. Home
Goods, Inc.*, 990 N.Y.S.2d 95, 97 (App. Div. 2014))).  However, "in some instances, the trivial
nature of the defect may loom larger than another element" and will permit a finding that the
condition was not inherently dangerous as a matter of law.  *Trincere*, 90 N.Y.2d at 977; *see also
Perez*, 2024 WL 871288, at *12 (explaining that a court may "resolve [the] issue [of inherent
dangerousness] as a matter of law" where the "evidence shows that the condition was not
inherently dangerous" and "the plaintiff fails to raise triable issues of fact as to whether the
condition was inherently dangerous" (internal quotation marks and citations omitted)).  In
evaluating inherent dangerousness, courts "consider factors including the inherent nature of the
condition at issue, evidence of prior accidents, whether there is a statutory violation, the
frequency of inspections, photographs depicting the condition, and expert testimony." *Chaney v.
Starbucks Corp.*, 115 F. Supp. 3d 380, 386 (S.D.N.Y. 2015) (collecting cases); *Perez*, 2024 WL

871288, at *12 (same).

"In slip-and-fall cases, . . . to show a 'breach of duty,' a plaintiff must show that a defendant either created the dangerous condition or had actual or constructive notice of the condition and its dangerousness." *Borley*, 22 F.4th at 79 (quoting *Walsh v. Super Value, Inc.*, 904 N.Y.S.2d 121, 125 (App. Div. 2010)); *see also Shin v. Wu*, No. 22-2911, 2023 WL 6799288, at *2 (2d Cir. Oct. 16, 2023) ("To show a breach of duty, the plaintiff must demonstrate that the defendant either created the defective condition, or had actual or constructive notice thereof." (internal quotation marks and citation omitted) (quoting *Tenay*, 281 F. App'x at 13)); *Tenay*, 281 F. App'x at 13(same); *Kirbaran*, 2024 WL 1076254, at *4 ("In order to show a breach of the duty of care in a 'slip-and-fall' case . . . [the] plaintiff must offer evidence 'that a defendant either created the dangerous condition or had actual or constructive notice of the condition and its dangerousness." (internal quotation marks omitted) (quoting *Borley*, 22 F. 4th at 79)); *cf. Bynoe v. Target Corp.*, 548 F. App'x 709, 710 (2d Cir. 2013) ("Under New York law, a landowner, who did not create the dangerous condition, is liable for negligence when a condition on his land causes injury only when the landowner had actual or constructive notice of the condition." (quoting *Taylor v. United States*, 121 F.3d 86, 89–90 (2d Cir. 1997))); *Burden v. Wal-Mart Stores E., LP*, No. 17-CV-1289, 2018 WL 4680025, at *4 (S.D.N.Y. Sept. 28, 2018) (observing that in a premises liability case "a plaintiff must first show 'the existence of a dangerous or defective condition' that caused the accident," and then must show "that the defendant either created the defective condition, or had actual or constructive notice thereof for such a period of time that, in the exercise of reasonable care, it should have corrected it" (first quoting *Vasquez v. United States*, No. 14-CV-1510, 2016 WL 315879, at *4 (S.D.N.Y. Jan. 15,

2016); and then quoting *Decker v. Middletown Walmart Supercenter Store*, No. 15-CV-2886,

2017 WL 568761, at *4 (S.D.N.Y. Feb. 10, 2017))).

> **i.   There are genuine disputes of material fact as to whether the Basket Holder was an open and obvious condition**

Defendant argues that the Basket Holder was an open and obvious condition that was not

inherently dangerous as a matter of law.  (Def.'s Mem. 5–13.)  First, Defendant argues that the

Basket Holder was open and obvious because it is similar to the "various conditions appearing in

store aisles" that other courts have deemed "open and obvious," including "a display rack with

caster wheels," "a flatbed hand cart in the checkout aisle," "a bar connecting flower display

racks," "the base or foot of a decorative fence," "the bottom rail of a mobile clothes rack," "the

base of a stanchion," and "metal support bars on [a] carpet near a white mannequin base."  (*Id.* at

8–12 (citations omitted).)  Second, Defendant argues that the Basket Holder was open and

obvious because: (1) there is no evidence that Plaintiff's "view of the [Basket Holder] was

obscured," (*id.* at 13); (2) the Basket Holder "was grey, four feet high, ten inches across and deep

and placed on a white floor against a column," (*id.*); and (3) Plaintiff's testimony that "guests

proceeding ahead of her did not move in any unusual way when passing the holder" suggests that

it was "readily observable by those employing the reasonable use of their senses," (Def.'s Reply

5).  Third, Defendant contends that the Basket Holder was not an inherently dangerous condition

because the aisle was "substantially wide enough for . . . [P]laintiff to pass by without incident,"

and Plaintiff testified that she observed other guests walking past the Basket Holder without

"moving in any unusual manner to avoid [it]."  (Defs.' Mem. 6–7.)  Thus, Defendant argues that

Plaintiff "has presented no evidence to suggest that [the Basket Holder] or its placement in the

grocery section was inherently dangerous," and Plaintiff "cannot state how long the holder was

empty."  (*Id.* at 8.)

Plaintiff argues that the Basket Holder was not open and obvious because it was "nearly identical [in] color to the pillar" it rested against, and it therefore "blend[ed] into the pillar wall[,] making it hard to notice for traversing Target customers." (Pl.'s Opp'n 7–8.) In support, Plaintiff argues that Jessica Aaron, a cashier at the Target store, testified that the pillar had "'a grey-silver color at the bottom' and that the [Basket Holder] was 'next to the grey area.'" (*Id.* at 7 (citing Tr. of Mar. 17, 2023 Dep. of Jessica Aaron ("Aaron Dep.") 28:5–11, annexed to Def.'s Mot. as Ex. B, Docket Entry No. 16-4).) Plaintiff also argues that the Court should "disregard[]" Defendant's "unfounded" "assertion that an empty basket holder was . . . not inherently dangerous when placed at a location where patrons regularly traverse." (*Id.* (emphasis omitted).) Plaintiff contends that the evidence Defendant cites "to substantiate the claim that there was no[] inherently dangerous condition" is "clearly insufficient[] as a matter of law." (*Id.*)

There are genuine disputes of fact as to whether the empty Basket Holder was an open and obvious condition. The parties agree that the Basket Holder was matte grey in color, has an oval base that is approximately twelve inches in diameter, and was placed on a white floor and against a pillar.[4] However, the parties dispute whether the Basket Holder was sufficiently similar in color to the adjacent pillar such that it blended in with the pillar and became less noticeable to shoppers. (*See* Pl.'s 56.1 Resp. ¶ 8.) Although Defendant contends that the two were easily distinguishable because the Basket Holder is "matte grey" while the pillar has a

---

[4] (*See* Def.'s 56.1 ¶¶ 6, 8, 10–11 (noting that the "baskets are stacked against the pillars in the main aisle" and that the Basket Holder was "a matte grey" object with an "oval base [that] is approximately 12 inches in diameter"); Photograph, annexed to Def.'s Mot. as Ex. C, Docket Entry No. 16-5; Tr. of Mar. 10, 2023 Dep. of Yolanda Vicente ("Vicente Dep.") 89:4–8, annexed to Def.'s Mot. as Ex. D, Docket Entry No. 16-6 ("Q. So we see in this photo that there is a white floor in the foreground and a gray floor where the food is actually displayed, correct? A. Yes.").)

"metallic/shiny finish," (Def.'s 56.1 ¶ 8), Plaintiff cites conflicting testimony in support of her arguments that the pillar was "a grey-silver color at the bottom," and that the matte grey Basket Holder stood "next to the grey area" of the pillar, (Pl.'s 56.1 Resp. ¶ 8 (quoting Aaron Dep. 28:5–11)).  In addition, there are disputes of fact as to whether Plaintiff was distracted such that the Basket Holder became a "trap for the unwary."  *See Borley*, 22 F.4th at 81 (noting that an otherwise "ordinarily apparent" hazard may be rendered "a trap for the unwary where the condition is obscured or the plaintiff is distracted" (citation omitted)).  The parties do not dispute that Plaintiff was looking at her phone and at nearby shelves as she approached the Basket Holder and "did not see anything on the floor before her accident happened."[5]

Because of the conflicting evidence, the Court cannot find as a matter of law that the Basket Holder was open and obvious.  *See Borley*, 22 F.4th at 81 (concluding that the "low height of [the alleged hazardous condition] and its placement in a spot where customers might plausibly be distracted" did not "come close to 'compelling'" a finding that the hazard was open and obvious).  A reasonable jury could find that the fact that Plaintiff was distracted, coupled with the Basket Holder's similarity in color to the pillar, rendered it a "trap for the unwary" instead of an open and obvious condition.  *Id.* (citation omitted); *see also Montalbano*, 2021 WL 200565, at *2–3 (denying summary judgment where, "even if the [partially filled merchandise display] was open and obvious, [the plaintiff's] gaze was foreseeably distracted by the store's own design," which included "above eye level signage and merchandise"); *Hutson v. Regis High*

---

[5]  (Def.'s 56.1 ¶¶ 21, 23–24, 28–29; Pl.'s 56.1 Resp. ¶¶ 21, 23–24, 28–29; *see also* Vicente Dep. 42:16–23 ("Q.  And as you got closer, say five steps away from where the accident happened, where were you [looking]?  A. . . . I was looking at my phone and I was looking in front of me.  Q.  And what did you see?  A.  I [saw] . . . what they have on the shelves."); *id.* at 44:23–25 ("Q.  Do you know what you saw during those two steps before the accident?  A.  Just looking at the shelves.").)

*School*, 206 N.Y.S.3d 600, 600 (App. Div. Apr. 11, 2024) (concluding that the evidence raised "an issue of fact as to whether jutting branches from . . . trees were not clearly visible, and whether the branches . . . might be overlooked by a pedestrian under the circumstances . . . , including . . . that the branches were almost the same color as the sidewalk"); *Sebagh v. Cap. Fitness, Inc.*, 162 N.Y.S.3d 440, 443 (App. Div. 2022) (finding that the plaintiff had established "that the location and condition of [an] electrical box rendered it a dangerous condition that was not open and obvious" where testimony "indicated that the color of the electrical box was similar to the color of the carpet," among other things); *cf. Johnson-Glover v. Fu Jun Hao Inc.*, 28 N.Y.S.3d 304, 305 (App. Div. 2016) (mem.) (noting that an issue of fact existed "as to whether the placement of a [wheeled shopping bag] with its protruding metal stand, along with other merchandise cluttering the store's aisles, was an inherently dangerous condition that presented a tripping hazard").

In view of the outstanding factual disputes as to whether the Basket Holder was plainly visible given its similarity, or lack of similarity, in color to the pillar and whether Plaintiff was distracted by her phone and the displays on nearby shelves, the Court cannot determine that it was an open and obvious condition as a matter of law.[6]

---

[6] Because of the factual disputes as to whether the Basket Holder was an open and obvious condition, the Court declines to address Defendant's argument that the Basket Holder was not inherently dangerous. *See Borley*, 22 F.4th at 81 (noting that "summary judgment [is] only permissible where [the] condition complained of 'was *both* open and obvious *and*, as a matter of law, not inherently dangerous'" (emphasis in original) (quoting *Nezami*, 783 N.Y.S.2d at 201)); *Ferruzzi v. Village of Saltaire*, 195 N.Y.S.3d 779, 780 (App. Div. 2023) ("[T]o obtain summary judgment, a defendant must establish that a condition was both open and obvious and, as a matter of law, was not inherently dangerous." (alteration in original) (quoting *Masker v. Smith*, 135 N.Y.S.3d 135, 136 (App. Div. 2020))); *cf. Ampong*, 2023 WL 4744185, at *6 (noting that "[b]ecause summary judgment requires a finding of *both* inherent dangerousness and open and obviousness, and because the question of the [condition]'s dangerousness is disputed, [the court] need not consider [the defendant's] assertion that the hazard created . . . was open and obvious as a matter of law" (emphasis in original)).

> ii.  **There is no evidence that Defendant created a hazardous condition or had actual or constructive notice of its existence**

The Court nevertheless grants Defendant's motion for summary judgment because Plaintiff has not demonstrated that Defendant breached a duty it owed to her by "creat[ing] the dangerous condition" or that it had "actual or constructive notice of the condition and its dangerousness." *Borley*, 22 F.4th at 79 (citation omitted).

> 1.  **Defendant did not create the condition**

Defendant argues that Plaintiff "ignores the vast body of case law holding that it is her burden to come forth with affirmative evidence" that Defendant created the condition, and that Plaintiff has failed to produce any such evidence.  (Def.'s Reply 2–3; *see also* Def.'s Mem. 1.)

Plaintiff argues that "questions of fact exist as to whether Defendant caused and created the dangerous condition when they did not adhere to company policy and replenish the empty [Basket Holder]" because Defendant has not presented any evidence that it adhered to its policy of replenishing empty basket holders at the time of her injury.  (Pl.'s Opp'n 6–7.)

"In the context of a summary judgment motion, Plaintiff's 'burden . . . is not merely to proffer a plausible theory, but to present evidence from which a reasonable jury could draw the inference that Defendant created the hazardous condition.'"  *Strass*, 2016 WL 3448578, at *4 (alteration in original) (quoting *Lionel v. Target Corp.*, 44 F. Supp. 3d 315, 319 (E.D.N.Y. 2014)); *see also Tenay*, 281 F. App'x at 13 (noting that "in cases where the nonmovant will bear the ultimate burden of proof at trial on an issue, the moving party's burden under Rule 56 [of the Federal Rules of Civil Procedure] will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim," (quoting *Brady v. Town of Colchester*, 863 F.2d 205, 210–11 (2d Cir. 1988))).  "To establish that a defendant created a dangerous condition or defect, a plaintiff must point to 'some affirmative act' on the part of the

16

defendant." *Lyman*, 2018 WL 4538908, at *5 (quoting *Vasquez*, 2016 WL 315879, at *7).

"Although circumstantial evidence may be sufficient to defeat a motion for summary judgment if it creates an inference that [d]efendant created the condition through affirmative acts, [a] plaintiff cannot avoid summary judgment through mere speculation and conjecture regarding how a defendant may have created a particular hazard." *Decker*, 2017 WL 568761, at *5 (second alteration in original) (internal quotation marks and citations omitted).

Plaintiff has not "present[ed] evidence from which a reasonable jury could draw the inference that Defendant created the hazardous condition." *Strass*, 2016 WL 3448578, at *4 (alteration in original) (quoting *Lionel*, 44 F. Supp. 3d at 319). Plaintiff relies on state rather than federal procedural law to argue that Defendant must produce evidence showing that it did not create the condition that led to her injury. *See, e.g.*, *Kirbaran*, 2024 WL 1076254, at *5 (noting that while under New York law the movant "has the initial burden of making a prima facie showing that it neither created the alleged hazardous condition, . . . state law has no application here in determining [the] burden of proof" (citation and internal quotation marks omitted)).

The evidence before the Court establishes only that the Basket Holder was empty at the time of Plaintiff's accident and that Defendant had general policies in place to replenish empty basket holders. (Def.'s 56.1 ¶¶ 13–14; Pl.'s 56.1 Resp. ¶¶ 13–14; *see also* Aaron Dep. 28:17–22 ("Q. Ms. Aaron, based on your experience, if there were no baskets in that basket holder, is there a procedure in place at Target to replenish the basket holder with baskets or something else? A. Yes. We have people who go and replenish baskets.").) Plaintiff has not produced evidence of any affirmative act by Defendant in creating a hazardous condition, and the Court declines to infer that Defendant created the condition merely because it existed. *See Kirbaran*,

17

2024 WL 1076254, at *6 (finding that "[e]vidence that [Target] merely permitted a dangerous condition to exist" was not an "affirmative act" (alterations in original) (quoting *Stepton-Howard v. Rite Aid Corp.*, No. 16-CV-1352, 2017 WL 3017191, at *3 (E.D.N.Y. June 13, 2017))); *see also Kortright-Conklin v. Lowe's Home Ctrs., LLC*, No. 21-CV-1305, 2023 WL 5723855, at *10 (N.D.N.Y. Sept. 5, 2023) ("Passive activity does not amount to an affirmative act." (citing *Lyman*, 2018 WL 4538908, at *3)); *McCoy v. TJX Cos., Inc.*, No. 21-CV-4907, 2023 WL 4624499, at *3 (S.D.N.Y. July 19, 2023) ("[A]bsent evidence that [d]efendant stacked the stools, [p]laintiff cannot demonstrate a genuine dispute of material fact that [d]efendant itself created the hazardous condition.").

Because Plaintiff has failed to submit any evidence of an affirmative act by Defendant, she has failed to create a genuine dispute of material fact as to whether Defendant created a hazardous condition.  *See Lyman*, 2018 WL 4538908, at *5 (explaining that "a plaintiff must point to 'some affirmative act' on the part of the defendant" in order to establish that the defendant created the allegedly hazardous condition).

### 2. Defendant did not have actual notice of a hazardous condition

Defendant argues that Plaintiff "has not set forth any evidence suggesting that [Defendant] received any complaints about the [Basket Holder]," and therefore she "cannot meet her burden in proving that [Defendant] had knowledge of the [Basket Holder] being in a hazardous position for a sufficient length of time to give rise to notice."  (Defs.' Mem. 14.) Plaintiff does not address whether Defendant had actual notice that the Basket Holder was empty or that its placement could give rise to a dangerous condition.

"To show actual notice, the plaintiff must 'prove that the defendants were, in fact, aware of the dangerous condition.'"  *Strass*, 2016 WL 3448578, at *4 (quoting *Quarles v. Columbia*

*Sussex Corp.*, 997 F. Supp. 327, 332 (E.D.N.Y. 1998)); *Nussbaum v. Metro-N. Commuter R.R.*,
603 F. App'x 10, 12 (2d Cir. 2015) ("Actual notice requires that a defendant receive complaints
or similarly be alerted to the existence of the dangerous condition.").

Plaintiff offers no evidence that Defendant or its employees were aware that the Basket
Holder was empty prior to Plaintiff's accident, and does not point to any evidence that Defendant
received complaints about empty basket holders prior to her accident.  The parties agree that "[i]f
a guest reported an incident, an incident report would be filed by the leader on duty at the time of
the incident," (Def.'s 56.1 ¶ 4, Pl.'s 56.1 Resp. ¶ 4), and there is no evidence in the record that an
incident report had ever been filed regarding empty basket holders prior to Plaintiff's accident.
Accordingly, Plaintiff has failed to show that Defendant had actual notice of a hazardous
condition.  *See Leandro*, 2021 WL 2742622, at *8 (granting summary judgment to defendants
where there was no evidence that defendants were aware of the dangerous condition before the
accident); *Strass*, 2016 WL 3448578, at *4 (granting summary judgment where "[a]side from
conclusory references to 'actual notice,' [p]laintiffs d[id] not identify any evidence that would
support a finding that [defendant] was, in fact, aware of the condition that allegedly caused
[plaintiff's] fall").

### 3.   Defendant did not have constructive notice of a hazardous condition

Defendant argues that Plaintiff "improperly places the burden on [it] to come forth with
affirmative evidence" that it did not have constructive notice of the Basket Holder.  (Def.'s
Reply 6–9.)  In addition, Defendant argues that it cannot be charged with constructive notice
because "New York law does not mandate [it] to constantly monitor the [Basket Holder] so that
it is never empty," and even if it had not "replenish[ed] the baskets in a timely manner," Plaintiff
"has failed to show that a reasonable inspection would have prevented the incident."  (*Id.* at 8–9;

*see also* Def.'s Mem. 13–14.)

Plaintiff contends that it is Defendant's burden to show that it did not have constructive notice of the empty Basket Holder.  (Pl.'s Opp'n 8.)  Plaintiff argues that Defendant has failed to meet its burden because it has acknowledged that it had a policy of replenishing empty basket holders but has "tendered no evidence as to if and when its employees may have replenished the [Basket Holder] relative to [Plaintiff's] trip and fall accident."  (*Id.* at 9.)

"To prove liability based on constructive notice, the danger must have been 'visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the defendant] to discover and remedy it.'"  *Nussbaum*, 603 F. App'x at 12 (quoting *Lemonda v. Sutton*, 702 N.Y.S.2d 275, 276 (App. Div. 2000)); *see also id.* at 12–13 (affirming a district court's grant of summary judgment without reaching the question of whether the hazard existed for a sufficient length of time because the hazard was determined not to be visible and apparent); *Lionel*, 44 F. Supp. 3d at 323–24 (granting summary judgment where the plaintiff could only prove that plastic lid was visible and apparent, but could not prove that it existed for a sufficient length of time).  The plaintiff's burden at this stage of the proceedings is not merely to proffer a plausible theory, but to present evidence from which a reasonable jury could draw the inference that the defect was both visible and apparent and that it existed for a sufficient length of time prior to the accident.  *See Tenay*, 281 F. App'x at 13 (holding that "the district court did not err in relying on [the plaintiff's] failure to adduce evidence regarding the elements of his [negligence] claim" in granting summary judgment).  A plaintiff cannot simply prove that the defendant was "generally aware of the existence of the dangerous condition," but must prove that the defendant had "notice of the 'particular condition' at issue."  *Dondero v. Chopra & Nocerino*

*LLP*, No. 21-1487, 2022 WL 320967, at *2 (2d Cir. Feb. 3, 2022) (quoting *Taylor*, 121 F.3d at 90).

Plaintiff misapplies federal procedural law by arguing that Defendant has not submitted evidence that it complied with its policy of replenishing empty basket holders.  *See Kirbaran*, 2024 WL 1076254, at *5 (explaining that New York law, which provides that it is a defendant's burden of "showing that it neither created the alleged hazardous condition, nor had actual or constructive notice of its existence," "has no application [in federal court] in determining [the] burden of proof"); *Larduotsos v. Lowe's Home Improvement*, No. 21-CV-741, 2023 WL 6385721, at *3 n.4 (E.D.N.Y. Sept. 29, 2023) ("Because the federal burden of proof applies, [p]laintiff had the burden to produce evidence that [defendant] had actual or constructive notice of the alleged defect.").  To survive summary judgment, Plaintiff must produce evidence that the empty Basket Holder was "visible and apparent" and existed "for a sufficient length of time prior to the accident" to permit Defendant to discover and remedy it.  *Nussbaum*, 603 F. App'x at 12. Plaintiff has not presented any evidence showing how long the Basket Holder remained empty prior to her trip and fall.  Without such evidence, Plaintiff cannot create a triable issue of fact as to whether Defendant's employees should have discovered the empty basket holder and remedied it.  *See Kirbaran*, 2024 WL 1076254, at *8 (granting summary judgment where the plaintiff had not proffered "any evidence" indicating how long the hazard was present prior to her accident or that a reasonable inspection would have uncovered its existence); *Strass*, 2016 WL 3448578, at *5 (E.D.N.Y. June 17, 2016) (finding no dispute of material fact where "the record [was] devoid of any evidence establishing the amount of time the liquid was on the floor prior to [the plaintiff's] fall"); *Casierra*, 2010 WL 2793778, at *3 (granting defendant summary judgment on constructive notice where there was "simply no evidence . . . as to how long" the

debris was on the floor).  Defendant's policies to replenish empty basket holders are insufficient to sustain Plaintiff's burden because "a general awareness that a dangerous condition may be present is legally insufficient to constitute notice of the particular condition that caused plaintiff's fall."  *Tenay*, 281 F. App'x at 14 (internal quotation marks and citation omitted). Because Plaintiff has "offered neither any evidence that the [hazardous condition] was visible or apparent, nor any evidence suggesting how long the condition had existed prior to [her] fall," she has failed to demonstrate that Defendant had constructive notice of the empty Basket Holder.  *Id.* Plaintiff has not produced evidence sufficient to create genuine disputes of fact as to whether Defendant created a hazardous condition or had actual or constructive notice of its existence. Accordingly, the Court grants Defendant's motion for summary judgment.

### III. Conclusion

For the foregoing reasons, the Court grants Defendant's motion for summary judgment.

Dated: August 22, 2024
Brooklyn, New York

SO ORDERED:

_____s/MKB_____
MARGO K. BRODIE
United States District Judge

22